| | |
|---|---|
| 1 | JON M. SANDS |
| | Federal Public Defender |
| 2 | **JORDAN P, MALKA** |
| | State Bar No. 6321055 (Illinois) |
| 3 | **BENJAMIN D. SINGERMAN** |
| | State Bar No. 242725 (California) |
| 4 | Assistant Federal Public Defenders |
| | 407 W. Congress St., Suite 501 |
| 5 | Tucson, AZ  85701 |
| | Telephone: (520) 879-7500 |
| 6 | *Jordan_Malka@fd.org* |
| | *Ben_Singerman@fd.org* |
| 7 | Attorneys for Defendant |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR22-01545-TUC-RM-EJM |
| Plaintiff, | **RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT DR. BRADLEY MCAULIFF (DOC. 104)** |
| vs. | |
| Aaron Thomas Mitchell, | |
| Defendant, | |

Aaron Thomas Mitchell, through undersigned counsel, hereby responds to document 104, the government's motion to exclude testimony from Dr. Bradley McAuliff, an expert in Child Witness Suggestibility.

RESPECTFULLY SUBMITTED           January 22, 2024.

JON M. SANDS
Federal Public Defender

*/s/Jordan Perry Malka*
**JORDAN PERRY MALKA**
Assistant Federal Public Defender

1

**I.      Response**

The allegations in the present case have been made by a minor. They, along with Mr. Mitchell, are the only witnesses with firsthand knowledge of the facts of the case. While other evidence, including, but not limited to, phone extraction evidence and DNA evidence, was collected by the government, the reliability, relevancy, and prejudicial effect of the evidence is disputed by the parties. Therefore, since witness credibility is an issue for the jury, attacking the credibility of the minor victim's claims is tantamount to Mitchell's defense, and without the assistance of Dr. McAuliff, Mr. Mitchell will not be able to effectively do this at trial and before the jury.

The defense intends on calling Dr. McAuliff to testify about factors known to increase children's suggestibility and decrease memory accuracy. He will not, as the government argued in their response, draw conclusions about the alleged minor victim's credibility. Dr. McAuliff's testimony will be based in science. And he is qualified to testify about the factors he identified in his report because he has studied children's memory and suggestibility for 30 years, published academic articles and books on the topic, and provided expert testimony in numerous other criminal cases.

Further, Dr. McAuliff's expert report was specific about the evidence he reviewed in this case. The items he reviewed include the following:

> **Discovery Reviewed**
> I received and reviewed the following materials pertaining to the *Mitchell* case: Federal Bureau of Investigation Report (Bates 65 – 66); Douglas Police Department Office Report and Supplement Reports for Incident D22-04224 (Bates 102 – 139); 4/25/22 Witness Interview [name redacted] (Bates 598 – 699); Aaron Mitchell Interview (Bates 466 – 597); Witness Interview [name redacted] (Bates 1050 – 1079); and Statement of Witness [name redacted] Brother of Victim (Bates 937 – 973).

*See* Defense Expert Notice – Dr. McAuliff, doc. 88-1. Dr. McAuliff reviewed the above-mentioned evidence to ensure that his testimony, which, again, will be predominately, if not totally, based in science, was relevant to the present case. He concluded that it was, and he made reference to academic articles, some of which were published by him, to support his findings.

2

Dr. McAuliff's expert report is complete, and he is qualified to testify as an expert under Federal Rule of Evidence 702. Should the Court require that Dr. McAuliff supplement his expert report with additional information, he can do so, but he should not be precluded from testifying as an expert at trial.