**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>v.<br><br>Aaron Thomas Mitchell,<br><br>        Defendant. | CR 22-01545-TUC-RM(EJM)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the Court is a Motion for Bill of Particulars Regarding Count 3 of Superseding Indictment (Doc. 105) filed by the defendant Aaron Thomas Mitchell. For the reasons that follow, the Court recommends that the District Court deny the motion.

### **FACTUAL BACKGROUND**

    The defendant is charged in a Superseding Indictment (Doc. 38) the following offenses: (1) Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 (Count One); (2) Kidnapping of a Minor, in violation of 18 U.S.C. §§ 1201(a)(1) and (g) (Count Two); and False Statements, in violation of 18 U.S.C. §1512(b)(3) (Count Three). Counts One and Two pertain to the defendant's alleged kidnapping and sexual assault of a minor.

    Count Three alleges that: "On or about April 26, 2022, in the District of Arizona, the defendant AARON THOMAS MITCHELL, knowingly engaged in misleading conduct toward another person and persons, specifically, officers from the Douglas Police Department (DPD) with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the

1  commission and possible commission of a federal offense as charged in Counts One and
2  Two, in a statement he provided in connection with the DPD investigation of the sexual
3  assault of M.V. that occurred on or about April 25, 2022.  All in violation of Title 18,
4  United States Code, Sections 1512(b)(3)."  Superseding Indictment (Doc. 38).

5        With respect to Count Three, the defendant requests that the government provide a
6  Bill of Particulars detailing: (1) the specific manner in which his statement to the DPD
7  officer constituted the engagement in misleading conduct towards another person; and (2)
8  the specific manner in which his statement intended to hinder, delay, or prevent the
9  communication of information to a law enforcement officer and judge of the United States.
10 Def's Mot. For Bill of Particulars (Doc. 105) at 2.  The defendant contends that Count
11 Three is vague because it does not set forth what statement or statements were made "with
12 the intent to hinder, delay, or prevent the communication of information to a law
13 enforcement officer and judge of the United States" relating to the commission of Counts
14 One and Two.  *Id.* at 3.  The defendant points out that the transcript of his interview with
15 DPD officers is over one hundred pages.  As a result, the defendant argues that the
16 government must set forth the specific statements the government will use to prove Count
17 Three so he can understand the government's theory of the case and adequately prepare a
18 defense.  *Id.*

19       The government argues that Count Three unambiguously alleges a detailed violation
20 of 18 U.S.C. §1512(b)(3).  Govt's Response (Doc. 123) at 3.  Specifically, Count Three
21 includes facts and circumstances about the offense because it references the conduct
22 alleged in Counts One and Two – seizing and kidnapping the minor without her consent
23 and using his penis to penetrate the vulva and anus of the minor – which is directly linked
24 to the alleged false statements made to DPD officers.  *Id*. at 3.  The government also points
25 out that it has provided the defendant with "fulsome discovery" – *i.e.,* thousands of pages
26 of discovery, including police reports and interview summaries, as well as audio files,
27 videos and photographs -- which lays out the conduct that forms the basis of the charged
28 offenses and the government's theory of the case.  *Id.* at 4.

The government goes on to detail the defendant's alleged false statements contained within the discovery provided: (1) the defendant denied having sexual contact with the minor; (2) the defendant denied handcuffing the minor; (3) the defendant claimed that the minor wanted to ditch school and spend time with him; (4) the defendant did not do anything to the minor's backpack; and (5) the defendant never socially or interpersonally interacted with the minor. The government argues that a Bill of Particular is not appropriate or necessary because the allegations set forth in Count Three and the discovery adequately inform the defendant of the charges and evidence against him.

In his Reply, the defendant notes that the government has delineated five subject areas about which it contends he made false statements. Def's Reply (Doc. 131) at 2. Because the government has conceded that these five subject areas are the basis for engaging in misleading conduct, the defendant argues that a Bill of Particulars should be provided and that Count Three "should be amended to explicitly incorporate these five subject matters[.]" *Id.* The defendant also argues that specific allegations of misleading conduct set forth by the government "fails to properly state a charge under 18 U.S.C. §1512(b)(3)" because that statute addresses tampering with a witness, victim, or informant. *Id*. at 3.

### DISCUSSION

A Bill of Particulars serves several purposes: it enables adequate trial preparation, it reduces surprises, and it prevents double jeopardy from occurring. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). However, in order to adequately prepare for trial, a defendant only needs to know the "theory of the government's case," and not "all the evidence the government intends to produce." *Cook v. United States,* 354 F.2d 529, 531 (9th Cir. 1965). "Full discovery will obviate the need for a bill of particulars." *United States v. Long,* 706 at 1054 (citations omitted).

An indictment may track the language of a statute, provided that the statute itself clearly "set[s] forth all the elements necessary to constitute the [offense] intended to be punished." *Hamling v. United Sta*tes, 418 U.S. 87, 117 (1974). The defendant does not

claim that Count Three fails to set forth the elements of the offense charged. As a result, it is presumptively sufficient, and there is no legal basis for the Court to require the government to amend Count Three in the manner suggested by the defendant. (*See Id.*) In fact, Count Three goes beyond merely tracking the language of 18 U.S.C. §1512(b)(3) by alleging the precise conduct that forms the basis of the charge, *i.e.*, the "statement [the defendant] provided in connection with the DPD investigation of the sexual assault of M.V. that occurred on or about April 25, 2022." Count Three further alleges that the false statements relate to the commission of the offenses alleged in Counts One and Two, which are also detailed with specificity in the superseding indictment. (Doc. 38). The Court finds that a Bill of Particulars is not warranted given the detailed factual allegations in the superseding indictment.

However, even if that was not the case, the extensive amount of discovery provided in this case obviates the need for a Bill of Particulars. The defendant does not allege that relevant discovery has not been provided. As a result, the defendant has all the evidence that will be used to prove Counts One and Two, as well as his statement which is the basis, in large part, for Count Three. The defendant has been fully apprised of the charges against him and the theory behind the charges. Thus, there is no need for a Bill of Particulars.

Finally, in its Response to the motion to dismiss, the government has gone even further by detailing false statements which are relevant to Count Three. As the government notes, "there is no mystery about the evidence the [g]overnment plans to present" at trial. (Doc. 123) at 3. There is also no mystery about the government's theory of the case for Count Three: the defendant repeatedly made false statements to DPD officers by denying that he kidnapped and sexually assaulted the minor, as well as details about how those offenses were committed.[1] If there are other false statements relating to the commission of the kidnapping and sexual assault offenses that the government has not detailed (which appears unlikely), the defense has the discovery necessary to assess if any other statement

---

[1] Even if the defendant is correct that false statements to law enforcement cannot support a charge under 18 U.S.C. §1512(b)(3), that legal deficiency has no relevance to the instant motion.

appears to be at odds with the evidence supporting Counts One and Two. Therefore, a Bill of Particulars is not required for these reasons as well.

## CONCLUSION AND RECOMMENDATION

The allegations in the superseding indictment and the discovery provided to the defendant is more than sufficient to enable the defense to understand the government's theory of the case, adequately prepare for trial, avoid surprises, and prevent a double jeopardy violation. As a result, the Court recommends that the District Court deny the Motion for a Bill of Particulars. (Doc. 105).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR 22-01545-TUC-RM.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 30th day of January, 2024.

Eric J. Markovich
United States Magistrate Judge