WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Aaron Thomas Mitchell,<br><br>    Defendant. | CR 22-01545-TUC-RM (EJM)<br><br><br>REPORT AND RECOMMENDATION |

    Pending before the Court is a Motion to Dismiss Count Three of the Superseding Indictment which charges the defendant, Aaron Thomas Mitchell, with a violation of 18 U.S.C. § 1512(b)(3). (Doc. 143.) For the reasons discussed below, the Court recommends that the District Court deny the motion.

**FACTUAL BACKGROUND**

    The defendant is charged in a Superseding Indictment the following offenses: (1) Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 (Count One); (2) Kidnapping of a Minor, in violation of 18 U.S.C. §§ 1201(a)(1) and (g) (Count Two); and (3) False Statements, in violation of 18 U.S.C. §1512(b)(3) (Count Three). (Doc. 38.) Counts One and Two pertain to the defendant's alleged sexual assault and kidnapping of a minor.

    Count Three alleges that: "On or about April 26, 2022, in the District of Arizona, the defendant AARON THOMAS MITCHELL, knowingly engaged in misleading conduct toward another person and persons, specifically, officers from the Douglas Police

1   Department (DPD) with the intent to hinder, delay, and prevent the communication to a
2   law enforcement officer and judge of the United States of information relating to the
3   commission and possible commission of a federal offense as charged in Counts One and
4   Two, in a statement he provided in connection with the DPD investigation of the sexual
5   assault of M.V. that occurred on or about April 25, 2022.  All in violation of Title 18,
6   United States Code, Sections 1512(b)(3)." (Doc. 38.)

On February 14, 2024, the defendant filed a Motion to Dismiss Count Three because it fails to properly state a charge under 18 U.S.C. § 1512(b)(3). (Doc. 143 at 2.) The defense points out that the government has "identified five subject matters about which it contends Mr. Mitchell made false statements" to law enforcement: (1) the defendant denied having sexual contact with the minor victim, when in fact, he used his penis to penetrate the vulva and anus of the minor victim; (2) the defendant denied handcuffing the minor; (3) the defendant claimed that the minor wanted to ditch school and spend time with him; (4) the defendant did not do anything to the minor's backpack, when in fact, surveillance video shows him getting rid of the backpack; and (5) the defendant never socially or interpersonally interacted with the minor, despite his statements he spent time with the minor victim on at least three prior occasions. *Id*. The defense argues that "[n]ow that the government has presented its Count Three allegations with more specificity, it becomes apparent for the first time how plainly inadequate they are[.]" *Id.*[1]

The defense argues that the title of 18 U.S.C. § 1512(b)(3), "Tampering with a witness, victim, or informant," demonstrates that Congress intended this statute to only address tampering with these individuals and not a law enforcement officer. *Id.* The defense asserts that the "government is attempting to criminalize Mr. Mitchell's assertions of innocence in his post-Miranda interview." *Id.* The defense claims that "[i]t cannot be a crime to deny committing a crime." Def.'s Mot. to Dismiss Count 3 (Doc. 143) at 2. The defense further claims that Mr. Mitchell's denials "did not impede the government's

---

[1] The government identified these five subject areas in its response to the defendant's Motion for a Bill of Particulars for Count Three.

investigation of the alleged victim's allegations" or "cause the government to expend extra resources investigating the allegations." *Id.* at 2–3.

The government argues that the defendant "completely misunderstands the elements of 18 U.S.C. § 1512(b)(3)" and his argument "is contradicted by both common sense and legal authority." (Doc. 145 at 1–2.)   The government points out that "the plain language of the statute holds no bar to a law enforcement offer qualifying as a relevant party." *Id.* at 4.   "The statute requires, in part, that the defendant 'knowingly engaged in misleading conduct toward *another person* and persons.'" *Id.* (emphasis in original).   A police officer certainly qualifies as a "person." *Id.*  Moreover, even under the statutory title of the statute, police officers are routinely witnesses in criminal cases. *Id.*  As a result, "the motion to dismiss fails to use common sense in reading the statute itself." Govt.'s Response to Def.'s Mot. to Dismiss Count 3 (Doc. 145) at 4.

The government also argues that the defense selectively cites a Ninth Circuit case that did not address the defendant's argument. *Id.* (*citing United States v. Khatami*, 280 F.3d 907 (9th Cir. 2002)).   The *Khatami* case interpreted the phrase "corruptly persuades." *Id.*  The alleged corrupt persuasion in *Khatami* was directed at a non-law enforcement witness, and the Ninth Circuit did not address whether 18 U.S.C. § 1512(b)(3) only prohibits conduct directly at non-law enforcement witnesses.[2] *Id.*  Although the Ninth Circuit has not addressed "whether law enforcement officials satisfy 'another person' under [Section] 1512(b)(3)[,]" other circuit courts and district courts have held law enforcement officials fit within the plain meaning of the term "another person." *Id.* at 4–6.

## DISCUSSION

The Federal Rules of Criminal Procedure require the indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. Pro. 7(c)(1*); see also United States v. Davis*, 336 F.3d 920 (9th

---

[2] The government was gracious in labelling the defendant's citation to *Khatami* as "selective."   The government accurately summarizes the focus of *Khatami*, and the Ninth Circuit did not discuss who qualifies as a witness for purpose of § 1512(b)(3).

- 3 -

Cir. 2003). An indictment that fails to state a cognizable offense must be dismissed. *United States v. Milovanovic,* 678 F.3d 713, 717, 719–20 (9th Cir. 2012).

To withstand a motion to dismiss, "the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *United States v. Livingston*, 725 F.3d 1141, 1145 (9th Cir. 2013). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974) (quotations and citations omitted)); *see also United States v. Alphonso*, 143 F.3d 772, 776 (2d Cir. 1998) (an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime).

The Court finds that Count Three is facially valid because it tracks the language of 18 U.S.C. § 1512(b)(3) and sets forth all the elements of that offense. Count Three also alleges that the false statements relate to the commission of the offenses charged in Count One (Sexual Assault) and Count Two (Kidnapping). "On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The Court cannot dismiss a facially valid indictment because the evidence may be insufficient to support a conviction. *Costello v. United States,* 350 U.S. 359, 363 (1956). Although the defendant asserts that Count Three "fails to properly state a charge under 18 U.S.C. § 1512," the defendant is actually challenging the sufficiency of the evidence to prove the charge. That challenge must await trial. For these reasons, the Court recommends that the district court deny the Motion to Dismiss Count Three.

The Court notes that even if it could look at the sufficiency of the evidence, the defendant's argument that a law enforcement officer cannot qualify as "another person"

under § 1512(b)(3) would fail.[3]  As the government points out, many courts outside the Ninth Circuit have held law that the plain and unambiguous text of 18 U.S.C. § 1512(b)(3) demonstrates that law enforcement officials can qualify as "another person" under the statute.  *See United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998), *overruled on other grounds by Fowler v. United States*, 563 U.S. 668 (2011); *United States v. Perry*, 335 F.3d 316 (4th Cir. 2003); *United States v. Gardner*, 993 F. Supp. 2d 1294 (D. Ore. 2014); *United States v. Hawkins*, 185 F. Supp. 3d 114 (D.D.C. 2016); *United States v. Smith*, No. 00 CR 785-1, 2001 WL 1568851 (N.D. Ill. Dec. 10, 2001); *United States v. Cotton*, No. 06-cr-20084, 2006 WL 2927675 (E.D. Mich. Oct. 12, 2006).  These courts further conclude that the terms used in the statutory title for § 1512(b)(3) do not exempt police officers and the legislative history for this statute reveals that it "is to be read to include a wide range of conduct that thwarts justice."  *Veal*, 153 F.3d at 1238.  Defendant's motion to dismiss Count Three of the Superseding Indictment should be denied for this reason as well.

## **RECOMMENDATION**

 For the reasons discussed above. the Court RECOMMENDS that the District Court DENY Defendant's Motion to Dismiss Count 3 (Doc. 143).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR 22-01545-TUC-RM.**

…

…

…

---

[3] The Court also rejects the defendant's contentions it cannot be a crime to deny a crime and that the government is attempting to criminalize his assertions of innocence in his post-*Miranda* interview.  The defendant cites no legal support for his contentions which, once again, are directed at the sufficiency of the evidence.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 1st day of March, 2024.

Eric J. Markovich
United States Magistrate Judge