**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01545-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Thomas Mitchell, | |
| Defendant. | |

On January 31, 2024, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 133) recommending that this Court deny Defendant Aaron Thomas Mitchell's Motion for Bill of Particulars Regarding Count Three of Superseding Indictment (Doc. 105). Defendant filed an Objection to the Report and Recommendation (Doc. 144), and the Government responded (Doc. 146).

**I.  Background**

Defendant is charged in a Superseding Indictment with (1) Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 (Count One); (2) Kidnapping of a Minor, in violation of 18 U.S.C. §§ 1201(a)(1) and (g) (Count Two); and False Statements, in violation of 18 U.S.C. §1512(b)(3) (Count Three). (Doc. 38.) Counts One and Two pertain to the following allegations: On April 25, 2022, the Minor Victim ("M.V.") was waiting by her middle school when Defendant, then-employed as a Customs and Border Protection Officer, asked to see her documents, took her backpack, and ordered her to get into his car. (Doc. 146 at 2.) Defendant then handcuffed M.V. and

drove her to his apartment, where he repeatedly sexually assaulted her. (*Id.*)

Count Three alleges that:

On or about April 26, 2022, in the District of Arizona, the defendant AARON THOMAS MITCHELL, knowingly engaged in misleading conduct toward another person and persons, specifically, officers from the Douglas Police Department (DPD) with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a federal offense as charged in Counts One and Two, in a statement he provided in connection with the DPD investigation of the sexual assault of M.V. that occurred on or about April 25, 2022. All in violation of Title 18, United States Code, Sections 1512(b)(3).

(Doc. 38.)

Defendant filed a Motion for Bill of Particulars Regarding Count Three, requesting that the Court order the Government to detail the specific manner in which Defendant's statements to the Douglas Police Department ("DPD") were misleading and intended to hinder, delay, or prevent the communication of information to a law enforcement officer and judge. (Doc. 105.) Judge Markovich issued the pending R&R recommending that this Court deny the Motion for a Bill of Particulars. (Doc. 133.) The R&R finds that the allegations in the Superseding Indictment and the discovery the Government provided to Defendant were "more than sufficient" to allow him to "understand the [G]overnment's theory of the case, adequately prepare for trial, avoid surprises, and prevent a double jeopardy violation." (*Id.* at 5.)

Defendant objects, arguing that the length of his statement to DPD and the voluminous discovery in this case render the assertions in Count Three vague. (Doc. 144 at 3-4.) Defendant asserts that the Government must particularly describe (1) which specific statements were "intended to hinder, delay, and prevent the communication" of information relating to Counts 1 and 2 to a law enforcement officer and judge, and (2) how those statements were intended to hinder, delay, or prevent such communication. (*Id.* at 3.) Defendant notes that the Government has now identified five specific subject

matters about which Defendant allegedly engaged in misleading conduct, and he argues that the Government should amend Count Three to incorporate those matters. (*Id.* at 4.)

In response, the Government contends that additional disclosure is unwarranted because the Superseding Indictment sufficiently informs Defendant of the charges against him. (Doc. 146 at 1.) Additionally, the Government asserts that a bill of particulars is unnecessary because it has provided Defendant with fulsome discovery. (*Id.* at 1-2.)

## II.  Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). Failure to object to the findings and recommendations of the magistrate judge "waives a party's right to review." Fed. R. Crim. P. 59(b)(2).

## III.  Discussion

A district court may order the Government to file a bill of particulars. Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to enable a defendant to prepare a defense, prevent surprises at trial, and protect against double jeopardy. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). However, a bill of particulars is unnecessary if the indictment provides sufficient details to serve these purposes. *Id.* Furthermore, thorough discovery may "obviate[] the need for a bill of particulars." *Id.* The Ninth Circuit has instructed that, while a defendant is entitled to know the Government's theory of the case, he "is not entitled to know all the *evidence* the [G]overnment intends to produce." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original).

Here, Magistrate Judge Markovich correctly found that the Superseding Indictment and the discovery in this case allow Defendant to understand the Government's theory of the case, prepare for trial, avoid surprises, and prevent a double jeopardy violation. 18 U.S.C. § 1512(b)(3) makes it a crime to "knowingly… engage[] in

- 3 -

misleading conduct toward another person, with intent to… hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." Count Three of the Superseding Indictment contains the elements of § 1512(b)(3) and unambiguously alleges the facts and circumstances of the specific offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself," provided that the statute includes all the elements constituting the offense). Count Three specifies that (1) Defendant allegedly made the misleading statements on April 26, 2022, (2) to DPD officers, and (3) the misleading statements involved "the sexual assault of M.V" and the offenses alleged in Counts One and Two. (Doc. 38.) Contrary to Defendant's claim, the assertions in Count Three are not vague.

Additionally, the Government has outlined five specific subject matters about which it contends Defendant made false statements:

> (1) the defendant did use his penis to penetrate the vulva and anus of M.V., despite his statements that he did not have any sexual contact with M.V.; (2) M.V. reported to authorities that she had been handcuffed by the defendant and she reported that she had pain and redness on her wrists and ankles, despite the defendant's statements that he did not use handcuffs on M.V.; (3) M.V. was seized by the defendant and he directed her to get into the defendant's vehicle, despite the defendant's statements that M.V. wanted to ditch school and spend time with the defendant; (4) Surveillance video depicts the defendant getting rid of M.V.'s backpack, despite his statements that he did not do anything to M.V.'s backpack; and (5) the defendant had never socially or interpersonally interacted with M.V., despite his statements he spent time with M.V. on at least three prior occasions.

(Doc. 123 at 4-5.) Defendant's argument that the Court should order the Government to amend Count Three "to explicitly incorporate" these subject matters is unavailing. As discussed above, the Superseding Indictment is sufficient. Notably, however, these topics provide even more information to aid Defendant in preparing a defense.

Furthermore, the Government has provided Defendant with complete discovery, including Defendant's videotaped statement to DPD and evidence related to the

aforementioned subject matters.  (Doc. 146 at 4.)  Furthermore, the Government avers that it has furnished Defendant with FBI interview reports, DPD reports summarizing Defendant's materially misleading statements, and evidence that it alleges directly contradicted Defendant's deceptive statements. (*Id.* at 1-2.)  Defendant has the discovery necessary to assess what statements may be inconsistent with the evidence supporting Counts One and Two.

The Government has made sufficiently clear which statements it contends are misleading and how they allegedly were intended to hinder, delay, or prevent the communication of information to law enforcement and a judge.  Defendant is aware of M.V.'s account of the offenses charged in Counts One and Two, and the Government has provided Defendant with evidence that it avers directly conflicts with Defendant's statements. (*Id.* at 5.)  As Magistrate Judge Markovich describes, there is "no mystery about the [G]overnment's theory for Count Three: [Defendant] repeatedly made false statements to DPD officers by denying that he kidnapped and sexually assaulted the minor, as well as how those offense were committed." (Doc. 133 at 4.).  Although his complete statement to DPD was relatively long, over ninety minutes, Defendant does not require additional information to understand the Government's theory of the case.  The Superseding Indictment and the thorough discovery provided by the Government contain sufficient information to allow Defendant to mount an effective defense, prevent surprises at trial, and protect against a double jeopardy violation.

Accordingly,

**IT IS ORDERED** that Defendant's Objection (Doc. 144) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 133) is **accepted and adopted in full**.

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant's Motion for Bill of Particulars Regarding Count Three of Superseding Indictment (Doc. 105) is **denied**.

Dated this 13th day of May, 2024.

_____
Honorable Rosemary Márquez
United States District Judge