WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Aaron Thomas Mitchell,<br><br>    Defendant. | No. CR-22-01545-001-TUC-RM (EJM)<br><br>**ORDER** |

On March 4, 2024, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 157), recommending that this Court deny Defendant Aaron Thomas Mitchell's Motion to Dismiss Count Three of the Superseding Indictment (Doc. 143). Defendant filed an Objection to the R&R (Doc. 166), to which the Government did not respond.

**I.     Background**

Defendant is charged in a Superseding Indictment with (1) Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 (Count One); (2) Kidnapping of a Minor, in violation of 18 U.S.C. §§ 1201(a)(1) and (g) (Count Two); and False Statements, in violation of 18 U.S.C. § 1512(b)(3) (Count Three). (Doc. 38.) Counts One and Two pertain to Defendant's alleged sexual assault and kidnapping of a Minor Victim ("M.V."). (*Id.*) Count Three alleges that Defendant engaged in misleading conduct toward officers of the Douglas Police Department relating to the offenses charged in Counts One and Two. (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Defendant moves to dismiss Count Three of the Superseding Indictment for failure to state an offense under 18 U.S.C. § 1512(b)(3). (Doc. 143.) Defendant argues, among other things, that the Court should dismiss Count Three because Congress did not intend § 1512(b)(3) to apply to misleading conduct toward law enforcement officers, but rather only to misleading conduct toward "a witness, victim, or informant." (*Id.* at 2.) Defendant asserts that the statute's title, "Tampering with a witness, victim, or an informant," demonstrates this congressional intent. (*Id.*)

In response, the Government asserts that "the plain language of the statute holds no bar to a law enforcement officer qualifying as a relevant party." (Doc. 145 at 4.) The Government explains that § 1512(b)(3) requires that a defendant "knowingly engaged in misleading conduct toward *another person*," and "a police officer is, in fact, a person." (*Id.*) The Government also argues that the statute's title does not exclude police officers because police officers routinely serve as "witnesses" in criminal hearings and trials. (*Id.*)

Judge Markovich issued the pending R&R, and Defendant's Objection (Doc. 166) followed.

**II.   Standard of Review**

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). Failure to object to the findings and recommendations of the magistrate judge "waives a party's right to review." Fed. R. Crim. P. 59(b)(2).

**III.  Discussion**

The R&R recommends that the Court deny Defendant's Motion to Dismiss, finding Count Three "is facially valid because it tracks the language of 18 U.S.C. § 1512(b)(3) and sets forth all the elements of that offense." (Doc. 157 at 4.) The R&R

also rejects Defendant's argument that § 1512(b)(3) does not apply to law enforcement officials and finds that the Motion should also be denied for this reason. (*Id.* at 4-5.) Defendant objects to both findings. (Doc. 166.)[1] The Court will address each objection in turn.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "In cases where the indictment tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (internal quotations omitted).

Section 1512(b)(3) provides in pertinent part:

> Whoever knowingly… engages in misleading conduct toward another person, with intent to…hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense…shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(b)(3). Count Three alleges that:

> On or about April 26, 2022, in the District of Arizona, the defendant AARON THOMAS MITCHELL, knowingly engaged in misleading conduct toward another person and persons, specifically, officers from the Douglas Police Department (DPD) with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a federal offense as charged in Counts One and Two, in a statement he provided in connection with the DPD investigation of the sexual assault of M.V. that occurred on or about April 25, 2022. All in violation of Title 18, United States Code, Sections 1512(b)(3).

---

[1] The Court does not concur with the R&R's finding that "[a]lthough the defendant asserts that Count Three 'fails to properly state a charge under 18 U.S.C. § 1512,' the defendant is actually challenging the sufficiency of the evidence to prove the charge." (Doc. 157 at 4.) It does not appear to this Court that Defendant is making an argument based on sufficiency of the evidence. Rather, Defendant's argument is one of statutory interpretation and application. *See United States v. Veal*, 153 F.3d 1233, 1244 (11th Cir. 1998). This disagreement, however, does not change the outcome of this Order.

(Doc. 38.)

Because Count Three "tracks the words of the statute" and "unambiguously set[s] forth all the elements" of the crime under § 1512(b)(3), the Court concurs with the R&R's finding that Defendant's indictment is facially valid. *Davis*, 336 F.3d at 922.[2]

Next, Defendant objects to the R&R's finding that § 1512(b)(3) applies to misleading conduct toward law enforcement officers. (Doc. 166.) In his Objection, Defendant reasserts his argument that "another person" in § 1512(b)(3) does not refer to law enforcement officers. (*Id.* at 2-3.) Again referencing the statute's title, "Tampering with a witness, victim, or informant," Defendant contends that the statute's "plain language suggests that Congress intended for this statute to only address witnesses, victims, and informants, and not law enforcement departments or officers." (*Id.* at 3.)

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985). The Court agrees with the parties and the R&R that the Ninth Circuit has not directly addressed the question of whether a law enforcement official can qualify as "another person" within the meaning of § 1512(b)(3). (Doc. 145 at 4; Doc. 157 at 5[3]; Doc. 166 at 2.) However, as the Government and the R&R note, other Circuit Courts and a district court within the Ninth Circuit have found that § 1512(b)(3) applies to misleading conduct towards law enforcement. (Doc. 145 at 4-5; Doc. 157 at 5.)

In *United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998) (overruled on other grounds), the Eleventh Circuit upheld the district court's finding that "another person" within the meaning of § 1512(b)(3) may include state law enforcement agents. The Court reasoned that "there is no ambiguity in 'another person,' which is easily and commonly understood to mean *any* person." *Id.* at 1245 (emphasis in original). The Court further

---

[2] Defendant merely states that he "objects" to the R&R's finding that the Indictment is facially valid. (*See* Doc. 166 at 2.) He does not provide any explanation of his objection to this finding.

[3] The R&R notes that "many courts outside the Ninth Circuit have held law that the plain and unambiguous text of 18 U.S.C. § 1512(b)(3) demonstrates that law enforcement officials can qualify as 'another person' under the statute." (Doc. 157 at 5.)

reasoned that the term "witness" as used in the statute's title encompasses police officers, who "become witnesses as a matter of course" through their investigations. *Id.* at 1246. "Thus, the terms used in the statutory title do not exempt police officers." *Id.* Finally, the Eleventh Circuit concluded that the statute's legislative history "reveals that it is to be read to include a wide range of conduct that thwarts justice." *Id.* at 1247; *see also United States v. Perry*, 335 F.3d 316 (4th Cir. 2003) (upholding defendant's conviction under § 1512(b)(3), where the defendant engaged in misleading conduct toward the Montgomery County Police Department).

Based on the same reasoning, a district court within the Ninth Circuit rejected a defendant's argument that § 1512(b)(3) did not apply to a local police officer. *United States v. Gardner*, 993 F. Supp. 2d 1294 (D. Or. 2014). In *Gardner*, as here, the defendant argued that the statute's title indicates that "another person" refers not to local law enforcement, but only to "victims, witnesses, and informants." *Id.* at 1300. Citing *Veal*, the court concluded that "the plain text of the statute is unambiguous," and "a local police officer fits within the plain meaning of the term 'another person.'" *Id.* at 1302; *see also United States v. Hawkins*, 185 F. Supp. 3d 114 (D.D.C. 2016) ("courts interpreting [§ 1512(b)(3)] have concluded that 'another person' is commonly understood to mean 'any person'"); *United States v. Smith*, No. 00 CR 785-1, 2001 WL 1568851 (N.D. Ill. Dec. 10, 2001) (finding that § 1512(b)(3) encompasses federal law enforcement officers); *United States v. Cotton*, No. 06-cr-20084, 2006 WL 2927675 (E.D. Mich. Oct. 12, 2006) (same).

This Court concurs with the Eleventh Circuit's rationale articulated in *Veal* and applies it here. Based on the plain meaning of the text, the term "another person" as used in § 1512(b)(3) encompasses law enforcement officials, including officers of the Douglas Police Department. The Court rejects Defendant's argument that the statute's title demands a different conclusion. As stated in *Veal*, "the terms used in the statutory title do not exempt police officers," who routinely serve as "witnesses" in the investigations in which they are involved. *Veal*, F.3d at 1246. Because a local police officer fits within

the plain meaning of the term "another person," Defendant's alleged conduct falls within the broad language of § 1512(b)(3). Accordingly, the Court will deny Defendant's Motion to Dismiss Count Three. *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").

Accordingly,

**IT IS ORDERED** that Defendant's Objection (Doc. 166) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 157) is **accepted and adopted as described herein**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Three of the Superseding Indictment (Doc. 143) is **denied**.

Dated this 10th day of June, 2024.

_____
Honorable Rosemary Márquez
United States District Judge