**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01545-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Thomas Mitchell, | |
| Defendant. | |

Pending before the Court is the Government's Motion for Reconsideration of its Motion to Exclude Self-Serving Hearsay Offered by the Defendant.  (Docs. 243, 247.)[1] Defendant responded in opposition to the Motion for Reconsideration.  (Doc. 253.)[2]  The Government requests reconsideration of the Court's Order (Doc. 239) finding that the video-recorded statement Defendant gave to Douglas Police must be played in its entirety to avoid confusing the jury.  (Docs. 243, 247.)

The Government maintains that portions of the interview are excludable at trial under Federal Rule of Evidence 802 because they contain irrelevant, self-serving hearsay without any applicable exception.  (Doc. 243 at 2.)  The Government avers that excludable portions of the interview include, for example: Defendant's description of the victim being obsessed with him; Defendant's claims that the victim "came onto" him, that she was

---

[1] After the Government filed its Motion for Reconsideration (Doc. 243), the Court ordered the Government to submit a proposed transcript clearly showing the redactions it intends to make and to further explain its proposed modifications (Doc. 246). The Government filed a Response complying with this request.  (Doc. 247.)
[2] The Court provided Defendant an opportunity to respond to the Motion for Reconsideration.  (See Doc. 251); LRCiv 7.2(g)(2).

1    "scorned" by him, and that she didn't want to be caught skipping school; and Defendant's

2    statements calling the victim a "bitch" and a "liar." (*Id.*)  The Government further contends

3    that portions of the interview in which Defendant attributes statements to the victim are

4    inadmissible double hearsay.  (*Id.* at 3.)  Defendant argues in opposition that the rule of

5    completeness, as outlined in Federal Rule of Evidence 106, requires that the entire

6    interview be played to avoid distorting the statement's meaning.  (Doc. 253.)  Defendant

7    also argues that the Government's decision to charge him with misleading conduct towards

8    the Douglas Police Department in Count Three warrants admission of the entire statement.

9    (*Id.* at 2.)

10          When offered by the Government, a defendant's self-inculpatory statement is an

11   "opposing party's statement" and thus not hearsay under Federal Rule of Evidence

12   801(d)(2).  *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000), *modified on other*

13   *grounds by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007).  However, Rule

14   801(d)(2) does not provide a hearsay exception for a defendant seeking to offer his own

15   exculpatory statement.  *See United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988).

16   Such "non-self-inculpatory statements are inadmissible even if they were made

17   contemporaneously with other self-inculpatory statements." *Ortega*, 203 F.3d at 682.  To

18   allow otherwise would permit the defendant "to place his exculpatory statements before

19   the jury without subjecting himself to cross-examination, precisely what the hearsay rule

20   forbids." *Fernandez*, 839 F.2d at 640 (internal quotations and alterations omitted).

21          Having considered the Government's arguments and Defendant's opposition, the

22   Court finds that Defendant's non-self-inculpatory statements, as identified by the

23   Government, are excludable as hearsay.  The Court further finds no legal exception to

24   warrant their inclusion.  Contrary to Defendant's position, the rule of completeness does

25   not require admission of the entire interview where, as here, the most recent redacted

26   version is not misleading.  *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) ("if

27   the complete statement does not serve to correct a misleading impression in the edited

28   statement…the Rule of Completeness will not be applied to admit the full statement")

1   (internal quotation marks omitted); s*ee also United States v. Dorrell*, 758 F.2d 427, 434–

2   35 (9th Cir.1985) (holding that the district court did not violate the Rule of Completeness

3   where the redacted version of a confession did not "distort[ ] the meaning of the statement")

4   (internal quotation marks omitted)).   Furthermore, Defendant has failed to establish how

5   his charges in Count Three provide a legal basis to admit his hearsay.

6           The Government's most recently proposed redacted transcript provides the jury with

7   a complete picture of Defendant's statement.    Therefore, the Court will grant the

8   Government's Motion for Reconsideration and allow it to offer its proposed redacted

9   transcript and video at trial, with one exception: the Court will order the Government to

10  omit the entirety of Defendant's statement after page 129, line 21 of the transcript (Doc.

11  247-1).  As Defendant notes, this section is irrelevant and unduly prejudicial.  (Doc. 253.)

12          Accordingly,

13          **IT IS ORDERED** that the Government's Motion for Reconsideration of

14  Government's Motion to Exclude Self-Serving Hearsay Offered by the Defendant (Doc.

15  243) is **granted**.  At trial, the Government may offer Defendant's video-recorded statement

16  synched with the redacted transcript, as specified herein and proposed in its Supplemental

17  Briefing Regarding Exclusion of Defendant's Statement (Doc. 247-1).

18          Dated this 12th day of August, 2024.

19

20

21

22          _____

23          Honorable Rosemary Márquez
            United States District Judge

24

25

26

27

28