**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01545-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Thomas Mitchell, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Reconsider Denial of Defendant's Motion to Continue Jury Trial. (Doc. 276.) Defendant requests reconsideration of the Court's August 12, 2024 Order (Doc. 271), in which the Court denied Defendant's requested continuance in light of the Government's assurance that Special Agent Russell Jewel would be available for trial.

In his Motion to Reconsider, Defendant offers the following additional reasons in support of his request to continue: (1) defense counsel has had an inadequate amount of time to consult with and prepare experts for testimony; (2) counsel has failed to exhaust all legal issues and adequately investigate some issues; (3) counsel has had inadequate time to meet with Defendant; and (4) counsel has been unable to sufficiently prepare for trial, in part due to the need to respond to several motions recently filed by the Government. (Doc. 276.)

The Court heard oral arguments from the parties on the Motion for

Reconsideration at a Pretrial Conference on August 14, 2024.[1] During the Conference, the Government voiced its strong opposition to a continuance. The Government specifically cited the victim's right to proceedings free from unreasonable delays. *See* 18 U.S.C. § 3771(a)(7). It also shared a message from the victim and her mother expressing their frustration with Defendant's repeated requests for continuances.

To determine whether to grant a defendant's requested continuance, the Court must balance: "1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; 2) whether other continuances have been granted; 3) whether legitimate reasons exist for the delay; 4) whether the delay is the defendant's fault; and 5) whether a denial would prejudice the defendant." *United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994). Whether the defendant suffered prejudice is one of the most critical factors. *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995) ("The most critical question is whether [the defendant] was prejudiced by the district court's refusal to grant his request for a continuance. We may not reverse unless the party whose request was denied suffered prejudice.")

Here, several factors weigh against granting Defendant's requested continuance. Because the trial is set to begin in a matter of days, a continuance at this time would significantly inconvenience the court, the witnesses, and the jury. Furthermore, as the Government has repeatedly asserted, "a continuance will most inconvenience the minor victim and her family, who have been waiting for this case to be resolved since July 2022." (Doc. 231 at 16.) The Court has also granted Defendant several continuances, including to current defense counsel. (*See, e.g.*, Docs. 193, 173, 154.) Moreover, Defendant has not established that he will suffer prejudice without a continuance. Although two factors may weigh in Defendant's favor—whether legitimate reasons exist for the delay and whether the delay is the defendant's fault—these factors do not outweigh the other three. Given the significant impact a delay at this stage would have

---

[1] At the Pretrial Conference, the Court granted Defendant permission to file an *Ex Parte* and Under Seal Proffer in Support of its Motion to Continue (Doc. 282), in light of defense counsel's concerns that sharing weaknesses about the defense's case in the presence of the Government would prejudice Defendant.

on the proceedings, the lengthy history of prior continuances, and the absence of established prejudice to Defendant, the Court will deny Defendant's Motion to Reconsider Denial of Defendant's Motion to Continue Jury Trial (Doc. 276).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reconsider Denial of Defendant's Motion to Continue Jury Trial (Doc. 276) is **denied**.

Dated this 15th day of August, 2024.

_____
Honorable Rosemary Márquez
United States District Judge