**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01545-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Thomas Mitchell, | |
| Defendant. | |

On August 16, 2024, the Government filed a Motion to Reconsider the Court's Order Severing Count Three. (Doc. 292.) On August 19, 2024, the Court denied the Motion from the bench. (Doc. 299.) This formal order commemorates the Court's oral ruling.

Defendant is charged in a Superseding Indictment with (1) Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 (Count One); (2) Kidnapping of a Minor, in violation of 18 U.S.C. §§ 1201(a)(1) and (g) (Count Two); and False Statements, in violation of 18 U.S.C. § 1512(b)(3) (Count Three). (Doc. 38.) Counts One and Two pertain to Defendant's alleged sexual assault and kidnapping of a minor victim. (*Id.*) Count Three alleges that Defendant obstructed justice by engaging in misleading conduct toward officers of the Douglas Police Department when questioned about the offenses charged in Counts One and Two. (*Id.*)

At the final Pretrial Conference on August 14, 2024, this Court severed Count Three from Counts One and Two due to concerns that a trial on all counts would be highly

1  prejudicial to Defendant.  (Docs. 288, 289.)  In its Motion to Reconsider, the Government
2  asserts that trying all counts together would not prejudice Defendant or coerce him to
3  testify or to remain silent.  (Doc. 292.)  In addition, the Government argues that separate
4  trials would retraumatize the victim and waste limited resources.  (*Id.*)

5  Federal Rule of Criminal Procedure 8(a) provides that separate counts are properly
6  joined if they: (1) "are of the same or similar character"; (2) "are based on the same act or
7  transaction"; or (3) "are connected with or constitute parts of a common plan or scheme."
8  Even if joinder is proper under Rule 8, severance may still be warranted under Federal Rule
9  of Criminal Procedure 14(a) if "joinder [is] so manifestly prejudicial that it outweigh[s] the
10 dominant concern with judicial economy."  *United States v. Nolan*, 700 F.2d 479, 482 (9th
11 Cir. 1983) (internal quotations omitted).  Joinder may be manifestly prejudicial where "the
12 defendant makes a convincing showing that he has both important testimony to give
13 concerning one count and strong need to refrain from testifying on the other."  *United
14 States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

15 Here, Defendant has made a convincing showing that he may have important
16 testimony to offer on Count Three, but a critical need to refrain from testifying about
17 Counts One and Two.  The alleged misleading statements in Count Three concern
18 Defendant's accounting for what happened with the victim's backpack, whether he
19 handcuffed the victim, whether he had any sexual contact with the victim, and his claim
20 that the victim wanted to skip school to spend time with him.  (Doc. 292 at 3; Doc. 289 at
21 12.)  Thus, as to Count Three, Defendant may choose to offer testimony clarifying these
22 statements to show that they are not misleading.  On the other hand, with respect to Counts
23 One and Two, Defendant may prefer not to subject himself to cross-examination and
24 instead rely on the Government's inability to prove their case beyond a reasonable doubt.
25 However, due to the nature of the alleged misleading statements, Defendant cannot
26 effectively testify as to Count Three without being burdened to testify about the underlying
27 offenses charged in Counts One and Two.  (Doc. 289 at 10-14.)
28 . . . .

The Court and Defendant have identified at least four other potential sources of prejudice stemming from the joinder of all counts. First, the Court and Defendant voiced the concern that "the defense cannot defend Count 3 without burden shifting." (Doc. 289 at 11, 15.) Second, Defendant cited concerns that the jury may improperly use evidence of the witness tampering count to infer Defendant's guilt on the kidnapping and rape counts. (Doc. 289 at 15.) Third, the Court's decision to grant the Government's request to exclude portions of the statement Defendant gave to the Douglas Police Department as "self-serving hearsay" is a potential source of prejudice in Defendant's defense of Count Three. Specifically, while the redacted interview is appropriate in a trial only involving Counts One and Two, a much fuller version of the transcript may need to be presented to the jury in a trial involving Count Three. Fourth and finally, Defendant's professional commendations and other character evidence that the Government moved to strike may be relevant and admissible for the defense of Count Three. Thus, while the Government is correct that *some* of the same evidence would still be admissible upon severance, that is not the case for all the evidence. This fact heightens the prejudice Defendant may face at trial. *See United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (explaining that prejudice is not heightened where "all of the evidence of the separate count would be admissible upon severance").

Neither the Government nor the Court have identified a less drastic measure than severance that may cure the risk of prejudice to Defendant. Based on the foregoing, the Court finds that Defendant has shown that the risk of prejudice from joining Count Three with Counts One and Two outweighs the Court's dominant concern with judicial economy. *See Nolan*, 700 F.2d at 482. Accordingly, the Court will exercise its discretion under Federal Rule of Criminal Procedure 14(a) to order a separate trial for Count Three.

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that the trial of Count Three will proceed separately on **October 15, 2024, at 9:30 a.m.**

Dated this 30th day of August, 2024.

_____
Honorable Rosemary Márquez
United States District Judge