WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01545-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Thomas Mitchell, | |
| Defendant. | |

Defendant Aaron Thomas Mitchell was found guilty by a jury of Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242 and Kidnapping of a Minor in violation of 18 U.S.C. §§ 1201(a)(1) and (g), as charged in Counts One and Two of the Superseding Indictment. (Docs. 327, 338.)[1] The sentencing hearing is set for November 20, 2024. (Doc. 327.) The Court has ordered a presentence investigation report to be prepared by a probation officer and has informed the parties of their options to file a sentencing memorandum and objections to the presentence report. (*Id.*)

Pending before the Court is the Government's Motion for Psycho-Sexual Examination. (Doc. 342.) Pursuant to 18 U.S.C. § 3552(b), the Government requests that the Court order Defendant to undergo a presentence psychosexual assessment to "provide the Court and the parties additional information relevant to" sentencing. (*Id.* at 1.)[2] The Government asserts that ordering such assessments is a common practice in sex

---

[1] The jury found that the Deprivation of Rights offense included aggravated sexual abuse and kidnapping and that the offense resulted in bodily injury. (Doc. 338.)
[2] The Government asks that the testing include, but not be limited to, physiological testing and a polygraph examination. (Doc. 342 at 2.) It further requests that Defendant

abuse cases in this District.  (*Id.*)

Under 18 U.S.C. § 3552(b), a district court may order a study of a convicted defendant either before or after receiving a presentence investigation report by a probation officer if the court "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed."  18 U.S.C. § 3552(b).  The court's order requiring the study must "specify the additional information that the court needs before determining the sentence to be imposed."  *Id.*  The study itself "shall inquire into such matters as are specified by the court and any other matters that the Bureau of Prisons or the professional consultants believe are pertinent to the factors set forth in section 3553(a)."  *Id.*

Here, neither the record nor the Government has established that a psychosexual evaluation will provide the Court with "more information than is otherwise available" and relevant to Defendant's sentencing.  *See id.*  No evidence was presented at trial of Defendant's sexual history predating this offense, of other incidents of inappropriate sexual conduct, or any previous criminal offenses.  Additionally, the Government's Motion does not suggest that particular characteristics contributed to Defendant's conduct in this case.  It does not specify what new and relevant information a psychosexual evaluation will uncover that will not be available in the presentence report.  Furthermore, the Motion does not explain why a psychosexual exam is the best way to obtain this information.  The Government also fails to cite any cases in support of the proposition that ordering a psychosexual assessment is a consistent practice in cases where, as here, evidence of the defendant's prior sexual history is not in the record.

Based on the preceding, and the fact that the presentence investigation report has yet to be filed, the Court cannot say that it "desires more information than is otherwise available to it" for sentencing purposes.  *See id.*  The requirements for ordering a psychosexual evaluation under 18 U.S.C. 3552 have, therefore, not been met.  *See United*

---

contribute to the cost of the assessment in an amount determined by the Probation Department.  (Doc. 342-1 at 2.)

*States v. Baxley*, No. 2:17cr434-MHT, 2018 WL 1522352, at *4 (M.D. Ala. Mar. 28, 2018) (denying government's motion for psychiatric evaluation, concluding that "[b]ecause the court does not 'desire more information than is otherwise available to it,' the conditions for ordering a psychological evaluation under 18 U.S.C. § 3552(b) have not been met"); *see also United States v. Nickels*, 324 F.3d 1250, 1251 (11th Cir. 2003) (holding district court did not abuse its discretion by denying defendant's motion for a presentence psychological examination under 18 U.S.C. § 3552(c) because the court had "adequate information to make a decision regarding [the defendant's] mental condition").

Accordingly, the Court will deny the Government's Motion without prejudice to refiling after the probation officer has submitted the presentence investigation report. The Government's renewed Motion, if it chooses to file one, should specify the additional information it reasonably believes will be obtained from a psychosexual assessment that is relevant to Defendant's sentencing.

**IT IS ORDERED** that the Government's Motion for Psychosexual Examination (Doc. 342) is **denied without prejudice**, as set forth above.

Dated this 7th day of October, 2024.

_____
Honorable Rosemary Márquez
United States District Judge